# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MCELROY COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 13-1044**  (BOR Appeal No. 2048329)
(Claim No. 2012021220)

**RONALD HARTLEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner McElroy Coal Company, by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ronald Hartley, by Robert Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2013, in which the Board affirmed an April 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's April 18, 2012, decision granting Mr. Hartley a 2.84% permanent partial disability award for occupationally-induced hearing loss, and granted him a 5.68% permanent partial disability award for occupationally-induced hearing loss. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hartley filed an application for workers' compensation benefits on July 18, 2011, alleging that he sustained noise-induced hearing loss as a result of occupational exposure to industrial noise hazards. On March 23, 2012, Stephen Wetmore, M.D., examined Mr. Hartley. He noted that Mr. Hartley reported that he began working for McElroy Coal Company in 2001 and had been experiencing hearing loss for the last ten years. Dr. Wetmore noted that an audiogram performed on July 10, 2001, revealed hearing loss at 3,000 hertz, but opined that this

1

finding did not reach a compensable level of hearing loss. He then opined that the audiogram performed by his staff was nearly identical to an audiogram performed on December 2, 2011, both of which produced a finding of 5.68% whole person impairment. However, Dr. Wetmore opined that half of Mr. Hartley's noise-induced impairment arose before his employment with McElroy Coal Company and therefore recommended that only half of the amount of the 5.68% whole person impairment be attributed to his employment with McElroy Coal Company. Based on Dr. Wetmore's recommendation, the claims administrator granted Mr. Hartley a 2.84% permanent partial disability award.

In its decision reversing the April 18, 2012, claims administrator's decision, the Office of Judges held that the evidence of record demonstrates that Mr. Hartley sustained 5.68% whole person impairment as a result of occupationally-induced hearing loss that occurred during the course of his employment with McElroy Coal Company. McElroy Coal Company disputes this finding and asserts that an award of 2.84% represents the appropriate amount of impairment arising from Mr. Hartley's employment with McElroy Coal Company.

The Office of Judges noted that the record clearly establishes that Mr. Hartley has 5.68% whole person impairment as a result of noise-induced hearing loss. The Office of Judges then found that Dr. Wetmore's apportionment of half of the amount of whole person impairment to previous employers is factually inaccurate and lacks a credible foundation underlying the apportionment. The Office of Judges noted that Dr. Wetmore based his conclusion that apportionment should occur upon a July 10, 2001, audiogram obtained prior to Mr. Hartley's employment with McElroy Coal Company. However, the Office of Judges further noted that Dr. Wetmore conceded that the 2001 audiogram did not provide results reaching a compensable level of hearing loss and therefore the findings do not give rise to a definitely ascertainable level of impairment, as is necessary for apportionment to occur pursuant to West Virginia Code § 23-4-9b (2003). The Office of Judges then determined that Dr. Wetmore's conclusion that half of Mr. Hartley's permanent impairment pre-existed his employment with McElroy Coal Company is based purely on speculation. Moreover, the record reflects that Mr. Hartley began working for McElroy Coal Company in 2001, within six months of the 2001 audiogram revealing no ascertainable impairment. Therefore, as noted by the Office of Judges, the evidence of record demonstrates that the entire amount of Mr. Hartley's measurable impairment relating to noise-induced hearing loss did occur during the course of his employment with McElroy Coal Company. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of September 23, 2013. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II